**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

| | | |
|---|---|---|
| **MICHAEL MARCUS,** | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| VS. | : | NO. 4:21-CV-00218-CDL-MSH |
| | : | |
| Sheriff **GREG COUNTRYMAN,** | : | |
| | : | |
| Respondent. | : | |
| _____ | : | |

**ORDER**

*Pro se* Petitioner Michael Marcus, a former inmate most recently confined in the Muscogee County Jail in Columbus, Georgia, has filed a federal petition for writ of habeas corpus seeking relief pursuant to 28 U.S.C. § 2241 (ECF No. 1). On February 2, 2022, Petitioner was ordered to supplement his Petition to explain how he had exhausted his available state remedies. Petitioner was given fourteen (14) days to comply, and he was advised that the failure to fully and timely comply with the Court's orders and instructions could result in the dismissal of his Petition. *See generally* Order, Feb. 2, 2022, ECF No. 4.

The time for compliance passed without a response from Petitioner. Accordingly, Petitioner was ordered to respond and show cause why his Petition should not be dismissed for failing to comply with the Court's orders and instructions. Petitioner was again given fourteen (14) days to respond, and he was again warned that the failure to fully and timely comply with the Court's orders could result in the dismissal of his Petition. *See generally*

Order, Mar. 3, 2022, ECF No. 5.

The time for compliance has again passed without a response from Petitioner, presumably because the March 3, 2022 Order was returned to the Court as undeliverable (ECF No. 6). Searches of the Georgia Department of Corrections' online offender query system and the Muscogee and Fulton County online inmate search systems do not reveal Petitioner's current whereabouts. *See* http://www.dcor.state.ga.us/ GDC/Offender/Query (searched "Marcus, Michael") (last accessed Mar. 22, 2022); https://portal-gamuscogee.tylertech.cloud/app/JailSearch/#/search (searched "Michael Marcus") (last accessed Mar. 22, 2022) (indicating that Petitioner was on a hold for the Atlanta Police Department); http://justice.fultoncountyga.gov/PAJailManager/JailingSearch.aspx?ID =400 (searched "Marcus, Michael") (last accessed Mar. 22, 2022) (indicating that Petitioner was released on February 26, 2022). Petitioner's failure to fully and timely comply with the Court's orders and instructions is grounds for dismissal of his case, and this action also cannot proceed if the Court cannot locate Petitioner. *See* Fed. R. Civ. P. 41; *see also Slack v. McDaniel*, 529 U.S. 473, 489 (2000) (noting that the failure to comply with a court order is grounds for dismissal in a habeas case). Petitioner's Petition is therefore **DISMISSED without prejudice.**

To the extent that this action can be construed as one that requires a certificate of appealability ("COA"), Petitioner has no absolute entitlement to appeal this dismissal. Before he may appeal, the district court must first issue a COA. *See* 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2254, Rule 11(a); *see also Reedman v. Thomas*, 305 F. App'x 544,

545 (11th Cir. 2008) (per curiam) (granting COA on issue of whether habeas petition was properly dismissed for failure to comply with court order).  When, as here, "the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," a COA will not be issued unless the prisoner can show, at least, "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack*, 529 U.S. at 478.  Reasonable jurists could not find that a dismissal of the instant action for Petitioner's repeated failure to comply with the Court's orders was debatable or wrong.  *See Knox v. Morgan*, 457 F. App'x 777, 779 (10th Cir. 2012) (denying COA where district court dismissed habeas petition without prejudice for failing to comply with court orders).  Thus, to the extent a COA is necessary, Petitioner is **DENIED** a COA.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam) (approving denial of COA before movant filed a notice of appeal).

    **SO ORDERED**, this 22nd day of March, 2022.

                                        S/Clay D. Land
                                        CLAY D. LAND
                                        U.S. DISTRICT COURT JUDGE
                                        MIDDLE DISTRICT OF GEORGIA